### CITIZENS NATIONAL BANK OF WACO v. ED. STRAUSS.

Decided May 14, 1902.

**1.—Mechanic's Lien—Prior Mortgage.**

A mechanic's lien for repairs to the roof of a building, incapable of separation from it and made under contract with the owner, was subordinate to a mortgage on the property previously executed; though the repairs were necessary for the protection of the building and enhanced its value.

**2.—Foreclosure—Junior Lien—Redemption.**

The remedy of the holder of a junior lien, after sale under foreclosure of the prior incumbrance to which he was not made a party, is to redeem from such sale, not to foreclose.

**3.—Same—Practice on Appeal.**

Where the holder of a mechanic's lien subordinate to a prior mortgage which has been foreclosed without making him a party has erroneously obtained judgment of foreclosure to the extent that his improvement enhanced the value, instead of offering to redeem from the first sale, the case will not be remanded, on reversal, to permit him to redeem, where it appears that such remedy would be of no value to him.

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

*Clark & Bolinger,* for appellant.

*Boynton & Boynton,* for appellee.

FISHER, CHIEF JUSTICE.—This is an action by appellee against the Pacific Hotel Company and the Citizens National Bank of Waco. The plaintiff in his petition alleged that about the 1st day of February, 1899, he entered into a contract with the Pacific Hotel Company, the owner of a four-story building and the lots upon which it was situated in the city of Waco, to cover the building with a new roof, the old roof being defective, and by reason of leaks, the walls and interior of the building were being injured. That in pursuance of the contract he constructed the roof as agreed upon, and that by reason thereof the hotel company

became liable to the plaintiff in the sum of $600, evidenced by two promissory notes, each of which drew interest at 8 per cent per annum, and provided for 10 per cent attorney's fees. It was alleged that the plaintiff fixed his materialman's and contractor's lien on the building and lots described in the petition in the manner required by law. It is also averred that at the time of entering into his contract and before, one Francis Smith had a mortgage on the building and lots upon which it was situated. On the 8th day of June, 1899, in cause No. 8562, the Provident National Bank of Waco filed suit against the hotel company, and at its instance a receiver was appointed. That on the mortgage previously executed to Francis Smith, he obtained judgment on June 17, 1899, against the hotel company, for the sum of $39,752.59 with interest thereon from the 17th day of June, 1899, at the rate of .10 per cent, with a foreclosure of said mortgage lien on the building and lots; that said Francis Smith set up his judgment of foreclosure and intervened in said receivership, and subequently, under order of the court, said mortgage lien was foreclosed and the real estate in controversy was sold under the receivership proceedings, and purchased by said mortgagee Smith, and was subsequently transferred to the Citizens National Bank of Waco; and that the plaintiff was not a party to said foreclosure suit, nor to the controversy involving the receivership, and that the bank purchased with full notice of the plaintiff's mechanic's lien. That the real estate prior to the making of the improvements by the plaintiff was really worth the sum of $40,000, and with the improvements added was worth the sum of $40,600. That the improvements so added were permanent and could not be removed from the building without injuring and impairing its value.

The Citizens National Bank in its answer alleged that on the 6th day of November, 1894, the Pacific Hotel Company mortgaged all of the property in controversy to secure Francis Smith in a debt due him of $40,260, and that this mortgage was recorded on the 14th day of November, 1894, and that on the 17th of June, 1899, said mortgage was duly foreclosed in the District Court of the Forty-fifth Judicial District of the State of Texas, holding court in Bexar County, for the sum of $39,752.59, with 10 per cent interest thereon from the date of said judgment, and $29.75 costs of court; that an abstract of said judgment was duly filed for record in the office of the county clerk of McLennan County on the 27th day of June, 1899, and was duly recorded as required by law.

It also alleged that in a suit pending, numbered 8562, the Provident National Bank v. Pacific Hotel Company et al., one John K. Rose was appointed by the court as receiver of the property of the Pacific Hotel Company, including the property described in the plaintiff's petition, and that on the fifth day of March, 1900, judgment and decree was duly entered in cause No. 8562 upon the intervention of Francis Smith on his judgment as aforesaid, wherein it was ordered, adjudged, and decreed by the court that the property described in plaintiff's petition

should be sold and the proceeds applied upon the indebtedness of Francis Smith, in payment and satisfaction of his judgment. The sale was duly made in pursuance of this decree, at which sale Francis Smith became the purchaser. The sale was confirmed by the court and deed properly executed, and thereafter Francis Smith sold to the appellant, the Citizens National Bank. It is also averred. that neither Francis Smith, the mortgagee, nor the appellant bank assented to the improvements placed by the plaintiff upon the building.

On the trial of the case in the court below judgment was rendered in favor of Strauss against the Pacific Hotel Company for the sum of $807.49, with 8 per cent interest thereon from the date of the judgment. It was also decreed that the plaintiff's mechanic's lien was a prior lien upon the improvements to the mortgage in favor of Francis Smith, but was subordinate to that mortgage lien as to all of the land and the building thereon, save and except as to the roof upon the building. The judgment established the value of the entire property exclusive of the roof at $40,000, and with the roof added at $40,600; that the appellant, the Citizens National Bank, holds title to the property subject to the plaintiff's prior lien as to said improvements; that it was not possible to separate the improvements from the remainder of the property, so as to sell the same separately; and thereupon proceeds to decree and foreclose the lien in favor of the plaintiff for the sum of $600, and that the plaintiff have an order of sale to sell the property to satisfy his lien, and in case of sale under the judgment, the proceeds to be divided between the appellant bank and the plaintiff in proportion of $40,000 to the bank and $600 to the plaintiff. The plaintiff recovered judgment against the bank for part of the costs incurred.

The findings of fact and conclusions of law of the trial court are as follows:

"1. That on and long prior to the 1st day of February, 1899, to wit, on and before 1894, the Pacific Hotel Company, a private corporation, was owner of a tract of land in the city of Waco, McLennan County, Texas, located at the north corner of intersection of Fourth and Franklin streets, described as follows: A part of lots 8 and 9 in block 7, as shown on the map of Waco, beginning at the south corner of lot 8, which is the point of intersection of the northeast line of Fourth street with the northwest line of Franklin street; thence N. 45 E. with the line of Franklin street 100 feet to the south corner. of lot 10; thence N. 45 W. with the line between lots 9 and 10, 100 feet to the east corner of a 21 foot strip sold to Eagan; thence S. 45 W. with Eagan's corner line 100 feet to Fourth street; thence along Fourth street 100 feet to the point of beginning. And there was located on said land prior to 1894, a four-story brick building, the first floor of which was used for various purposes, and the other stories for the hotel.

"2. That in 1894, said hotel company became indebted to Francis Smith, in the sum of about $40,000, and executed a valid and binding mortgage to secure said debt upon the real estate above described, and

upon the improvements, tenements, hereditaments, appurtenances, rights, privileges, rents, profits, and incomes thereto belonging, which said mortgage was duly recorded in the mortgage record of McLennan County Texas, about the time of its execution and during the year 1894.

"3. That on the 1st day of February, 1899, the roof on said hotel building was in such bad state of repairs that the weather was causing injury to the walls and interior of said building.

"4. That about the date last mentioned, said hotel company duly entered into a contract with the plaintiff, Ed. Strauss, to put a new roof upon said building; and in the execution of such contract, the plaintiff furnished material and labor set out in the plaintiff's original petition and at the dates therein mentioned, and in accordance with the contract for the making of such improvements, the hotel company, about March 4, 1899, executed and delivered to plaintiff its two promissory notes payable to the order of plaintiff for $300 each, with 8 per cent interest per annum from March 4, 1899, one due in six and one in twelve months after said date, and each providing for the payment of 10 per cent attorney's fees, if placed in the hands of an attorney for collection. Said contract was fully performed by the plaintiff to the satisfaction of the hotel company, and the work was completed on the date of the execution of the notes.

"5. That on the 29th day of May, 1899, the plaintiff filed an itemized account and affidavit as required by the mechanic's lien laws of the State of Texas, in the office of the clerk of the County Court of McLennan County, Texas, describing fully the work and materials furnished on the building and land above described, so as to legally secure his mechanic's lien for the making of such improvements.

"6. That on June 17, 1899, Francis Smith having filed a suit against said hotel company and others, obtained judgment in the District Court for the Forty-fifth Judicial District of Texas for $39,752.59, with 10 per cent interest per annum from said date, and $29.75 costs, and an abstract of said judgment was duly recorded and indexed in McLennan County, in the office of the clerk of the County Court of McLennan County, Texas.

"That such judgment in favor of Francis Smith was on the mortgaged debt before mentioned and foreclosed the mortgage lien upon the real estate and other property above described.

"7. That on June 8, 1899, in the District Court for the Nineteenth Judicial District of Texas, the Provident National Bank of Waco brought suit against said hotel company, and secured the appointment of a receiver, who took possession of the property of said company, including the real estate above described.

"That Francis Smith intervened in said cause brought by the Provident National Bank, and set up his judgment above described, foreclosing his lien upon said real estate and other property. That judgment was entered in said receivership case recognizing said foreclosure judgment, and ordering sale of the property to pay, first, costs of suit,

second, the debt of Francis Smith, and third, balance to be paid in court, and the property was sold under order of sale issuing on said judgment by the receiver as special master commissioner, and was purchased by Francis Smith.

"8.   That at said sale the plaintiff gave notice of the existence of his claim herein sued upon, as shown by the record of his mechanic's lien.

"9.   That after said sale by the sheriff the real estate above described was sold and conveyed by Francis Smith to the defendant the Citizens National Bank of Waco, which is a duly incorporated national bank.

"10.   That the plaintiff Ed. Strauss was in no way a party to the suit brought by Francis Smith, as above stated, nor the receivership case above mentioned, and he did not intervene in either of said suits.

"11.   That at the time and just prior to the making of said improvements on said building, the land and building thereon were of the reasonable market value of $40,000; and that the material and labor furnished by plaintiff in putting the new roof on said building increased the value of the property in the sum of $600.

"12.   That the making of said improvements was necessary at the time the same was made to save the building from deterioration.

"13.   That plaintiff is the owner and legal holder of the two notes described, and that no portion of his said debt has been paid and he has received no compensation for the material and labor furnished in making said improvements.

"14.   That said hotel company is wholly insolvent.

"15.   That the Citizens National Bank of Waco had full notice of the plaintiff's claim at the time it purchased said real estate.

"16.   That it would be impossible to separate the roof constructed by plaintiff without destroying its value, and it is not possible to sell and remove the same without injuring the whole property.

"Findings of Law.—1.   I find that the lien of Francis Smith & Co., under which the defendant bank claims the property, is the prior lien on the lots and improvements thereon as the same existed prior to the time the improvements were placed thereon by the plaintiff.

"2.   I find that the plaintiff has a lien upon the improvement placed on said property by him to the amount of the value thereof, which is prior to the lien under which defendant bank claims title to said property.

"3.   I find that inasmuch as the improvement placed upon said property by plaintiff were necessary at the time same were made to save the building from deterioration and are incapable of being sold separately and removed from said lots without the destruction of value of all improvements on said lots, that the improvements placed on said property by the plaintiff increased the value of all such improvements $600.   Plaintiff is entitled to have said lots and all improvements sold and the proceeds divided in the proportion of the respective interests of plaintiff and defendant bank, to wit:   Forty thousand ($40,000)

dollars for defendant bank, and six hundred ($600) dollars for the plaintiff."

It is clear under the facts as found by the trial court that the mortgage lien under which appellant bank acquired title was in existence long before the inception of the appellee's mechanic's lien, which the trial court declared to be superior to the mortgage lien, so far as the value of the improvements placed upon the building. The mortgage lien covered the entire property, and included any improvements added to the building which were of a character that could not be sold separately or severed from it as a part of the realty, which the court found to be the case here. The principle decided in the case of Sullivan v. Texas Briquette and Coal Company, 94 Texas, 541, applies to the facts of this case; and in view of the rule there announced, the trial court erred in subordinating the mortgage lien to the lien of the plaintiff.

The plaintiff was not a party to the suit foreclosing the mortgage lien, consequently the judgment of foreclosure rendered in that action is not conclusive against him. McDonald v. Miller, 90 Texas, 309; Turner v. Phelps, 46 Texas, 262; Pierce v. Moreman, 84 Texas, 596. Such being the case, he would be entitled to foreclose his mechanic's lien, but subject to the previous mortgage lien by virtue of which the appellant claims.

The action of the plaintiff is not framed with a view of redeeming. There was no tender made, nor offer of the amount of the Francis Smith mortgage, which was merged in the judgment of foreclosure against the hotel company; and in order for the equity of redemption to be successfully asserted, the junion lienholder must satisfy the prior lien, although not a party to the original foreclosure suit. Turner v. Phelps, 46 Texas, 262; Pierce v. Moreman, 84 Texas, 596; 9 Enc. of Pl. and Prac., 320 to 326; 17 Enc. of Pl. and Prac., 973.

If the appellee's petition had been framed with a view of asserting his equity of redemption, it appears from the facts of this case that a decree in his favor to that extent would have been of slight value, if any, for it conclusively appears from the facts as found by the court and established by the judgment that the total value of the property, inclusive of the improvements added by the appellee, does not exceed $40,600. The amount of indebtedness due Francis Smith secured by the prior mortgage upon the property was, on the 17th day of June, 1899, established by judgment to be $39,752.59, with 10 per cent interest per annum from that date. Plaintiff's original petition was filed on December 11, 1901. The amount due at that time on the Francis Smith mortgage, including the accumulated interest, would amount to several thousand dollars more than the total value of the property established by the judgment of the trial court. Such being the case, no substantial right could or would have resulted to the appellee, if the trial court had by its decree recognized his right to redeem. Therefore we do not think it necessary to reverse this case in order that he might assert such a right in the court below, or that we should accord it to

him here in finally disposing of this case. In Practor v. Baker, 15 Indiana, 178, the court says: "It appears to us that under the circumstances that part of the decree ordering the sale of the property upon failure of the plaintiff to pay the sum necessary to redeem is erroneous. If the property is not of value greater than the amount of the senior lien, then proceedings to redeem would seem to be fruitless if that redemption is for the sole purpose of reoffering the property to satisfy that lien."

The judgment will be reversed and here rendered in favor of the appellant, the Citizens National Bank of Waco, to the effect that the appellee recover nothing against it, and that the appellee's lien be and is hereby declared subordinate to the superior right of the appellant bank, and that as no substantial benefit would result to appellee from a foreclosure of his mechanic's lien upon the property in controversy, the same is hereby denied. So much of the judgment in favor of the appellee as is against the Pacific Hotel Company is affirmed.

*Reversed and rendered in part and in part affirmed.*

Writ of error refused.