F. M. Watson et al. v. Markham & Reese.

Decided November 11, 1903.

**1.—Vendor's Lien—Mechanic's Lien—Fixtures.**

As to improvement so connected with the land as to become a part of the realty (a gin house with seed and lint flues) a vendor's lien prevails over a subsequent mechanic's lien for furnishing material for such improvements, and the latter can not foreclose and have the improvements sold and removed after sale under foreclosure of the vendor's lien to which he was not made a party.

**2.—Practice on Appeal.**

Where the facts from which the conclusion is deduced are clear, the appellate court is not bound by a finding of the trial court that a gin house, with its appurtenances, was not a fixture, and could be sold and removed as personal property in foreclosure of a mechanic's lien, as against a senior incumbrance.

Appeal from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Watson appeals from a judgment in favor of Markham & Reese in their suit against him and others to foreclose.

*Rice & Bartlett,* for appellant.

*J. W. Spivey,* for appellee.

FISHER, Chief Justice.—This is a suit brought on the 29th day of March, 1900, by J. L. Markham and M. A. Reese, composing the firm of Markham & Reese, against F. M. Watson, on an account for building material amounting to $146.30, and to foreclose an alleged mechanic's lien as against F. M. Watson and the other defendants on a certain lot of land and improvements in the town of Lott, Falls County, Texas.

Plaintiffs alleged, in substance, that during the year 1899 the defendant Watson was the owner and in possession of a portion of block No. 215 in the said town of Lott, describing it, upon which was then and is now situated a certain gin and outhouses, known as the Watson gin property; that during said time, to wit, from the 29th day of July, 1899, to the 13th of September, 1899, said Watson purchased certain items of lumber, brick, cement and other building material, which were used in making improvements on said lot and amounting to $152.06, less a credit of $4.07, and which balance Watson failed and refused to pay; that plaintiffs hold a valid lien on said lot and improvements by reason of the fact that on September 27, 1899, they delivered to the county clerk a correct itemized account of said material, which was duly verified and recorded as required by law; that the Falls County Gin Company and T. L. Hollingsworth, defendants, were in possession, or claimed some interest in said premises which was alleged to be inferior to the lien asserted by them, and plaintiffs prayed "that on final hearing it have judgment for its debt, damages and interest, with establishment and

foreclosure of its lien against each and all of the defendants, for order of sale and writ of possession, for costs of suit and for general and special relief."

The defendants T. L. Hollingsworth and the Falls County Gin Company answered by general and special exceptions, general denial and by special answer, alleged that said Watson was not in fact the owner of the premises at the time alleged, in this, that said T. L. Hollingsworth, prior thereto, being the owner of said property, did convey the same to said Watson for the consideration of $6000 to be paid by said Watson, as evidenced by five promissory notes each for the sum of $1200, bearing 10 per cent interest from date, and due respectively on the 1st of October of. the years 1898, 1899, 1900, 1901 and 1902, and that the vendor's lien was reserved in said conveyance and in said notes to secure the payment of same; that no part of said notes or interest thereon being paid, the said Watson thereafter conveyed said property to said Hollingsworth in consideration of the cancellation of said notes and vendor's lien, and said Hollingsworth, without any knowledge of the pretended claims of the plaintiffs herein, thereafter conveyed said property to defendant Falls County Gin Company.

Aud further, defendants answered that at the time it is alleged that plaintiffs furnished the material for the improvement of the premises in controversy the said defendant Watson was the head of a family; was living on said premises with his family consisting of a wife and children, and the same constituted his homestead and was exempt from any character of forced sale; that the said Watson nor his wife ever gave any. lien in writing upon said premises, nor executed and acknowledged any written instrument contemplated by the Constitution and laws in order to fix a lien thereon.

And defendants further alleged that on the first day of November, 1900, defendant Hollingsworth instituted suit in the District Court of Falls County, Texas, against said Watson for his said debt as evidenced by said notes, and for foreclosure of said vendor's lien, and that thereafter judgment was obtained on said notes, together with foreclosure of said lien as it existed on the date of said notes, by reason of which all rights or interest of plaintiffs in said premises was extinguished.

Trial was had before the court without a jury on the 26th of February, 1903, when judgment by default was rendered against defendant Watson for said debt, interest and costs, together with foreclosure of a materialman's lien, as it existed on the first day of January, 1900, on the "gin house and cotton seed flues and lint cotton flues," situated on said premises, as against said Falls County Gin Company and T. L. Hollingsworth; said judgment further directing that order of sale shall issue to the proper officer, directing him to seize and sell said property as under execution, and that the officer shall place the purchaser in possession thereof, and that said purchaser shall have sixty days in which to remove said property from said lot; that said plaintiffs recover of said

Falls County Gin Company and T. L. Hollingsworth all costs incurred herein, and that if the property ordered to be sold shall not be sold for enough to pay said debt, costs of court and expenses of sale that the balance shall be made by execution against said defendants. To which judgment of the court the defendants Falls County Gin Company and T. L. Hollingsforth in open court excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas.

We find that the appellees furnished the material to Watson as described in their petition, which was used in the betterment and improvement of the property in controversy, and that they established their lien for material in the form and manner prescribed by statute. We find that the property in controversy is real property, and that prior to and at the time the material was furnished and appellees' lien established that F. M. Watson had purchased the property in question from appellant Hollingsworth, and had executed to him therefor his promissory notes, with 10 per cent interest in the sum of $6000; that Watson, upon the maturity of some of the notes, was unable to pay the same, and that the defendant Hollingsworth foreclosed his vendor's lien on said property in the District Court of Falls County, and obtained a judgment against Watson for the full purchase price of the property. We find that this lien was an existing and superior lien to that of the appellees, and that after the improvements were put upon the property the value of the same did not exceed $2500, and was not of a greater value than that at the time of the trial of this case; and the evidence justifies the conclusion that the judgment foreclosed by the appellant Hollingsworth against Watson on the property described is now subsisting and unsatisfied, except in so far as satisfaction and payment results from an application of the property in question to his judgment lien.

The findings of fact bring this case strictly within the rule of law decided in Citizens National Bank v. Strauss, 29 Texas Civ. App., 407, in which a writ of error was refused. It is true that the trial court, in rendering its judgment, treated the property in question as personal property, but the facts in the record clearly indicate that the improvements were permanent, and should be treated as real property. Hutchins v. Masterson, 46 Texas, 551; Jones v. Buell, 85 Texas, 137; 13 Am. and Eng. Enc. of Law, 604, 605, 608, 609, 612, 613, 614. There is nothing in the record to indicate that the intention of the parties was to treat this property, which was apparently part of the realty, as personal property; and the vendor's lien of the appellant Hollingsworth applied to all of the property in question as a part of the real estate upon which it was situated and located. Where the facts on this subject are in the condition shown by the record, we are not bound to treat the conclusion of the trial court in its judgment that this was personal property, as conclusive and binding upon this court. West End Town Co. v. Gregg, 93 Texas, 451.

The judgment of the trial court will be affirmed in so far as it awards the appellees a recovery against the defendant Watson, but is reversed and rendered here in favor of the other appellants against the appellees, that the latter take nothing as against them by their suit, and that they be denied a foreclosure of their lien on the property in question.

As said before, the facts bring this case within the rule announced in Citizens National Bank v. Strauss, supra, and the same reasons there given for the disposition of that case will apply to this.

*Affirmed in part and reversed and rendered in part.*