FIDELITY & DEPOSIT CO. OF MARYLAND v. ALBRECHT et al. (No. 360.)

(Court of Civil Appeals of Texas. El Paso. Dec. 3, 1914. Rehearing Denied Dec. 24, 1914.)

1. BANKRUPTCY (§ 205*)—RIGHT OF TRUSTEE—MERGER OF MORTGAGE LIEN.

H., while owner of the legal title subject to a trust deed to secure debts due beneficiary, mortgaged the property to an indemnity company. The beneficiary of the trust deed was declared a bankrupt, and H., to wipe out his indebtedness to the estate, which was a great deal more than the security, deeded the property to the trustee in bankruptcy, who sold it to others for full price. The trustee in the trust deed also deeded the property to the trustee in bankruptcy. Held that, though the title of the mortgagee and mortgagor vested in the trustee at the same time, there could not be a merger of the mortgage lien, as it was to the advantage of the trustee and his grantees to

keep the lien alive, to defeat the lien of the indemnity company.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. § 205.*]

2. MORTGAGES (§ 336*)—JUNIOR MORTGAGE—PRIVATE SALE UNDER SENIOR MORTGAGE.

A junior mortgagee is not injured by a private sale under a senior mortgage, which called for a public sale, where the property could not be sold within many thousand dollars of the debt secured.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1024; Dec. Dig. § 336.*]

Appeal from District Court, Harris County; N. G. Kittrell, Judge.

A suit to foreclose a mortgage by the Fidelity & Deposit Company of Maryland against Henry Albrecht and others. From a decree for defendants, complainant appeals. Affirmed.

Gill, Jones & Tyler, of Houston, for appellant. E. P. & O. K. Hamblen, of Houston, for appellees.

HARPER, C. J. The Fidelity & Deposit Company of Maryland, plaintiff below, instituted this suit against W. S. Hipp for $3,376.35, and against Henry Albrecht, Miss Kate Scanlan, and Andrew Dow to foreclose a mortgage lien on certain lots in the city of Houston, Tex., executed by the said Hipp in favor of the said fidelity company, alleging that said Albrecht, Dow, and Scanlan were claiming an interest in said mortgaged property, and prayed for judgment against Hipp for his debt, and foreclosure against all parties.

Defendants Albrecht, Scanlan, and Dow, in their answer, disclaimed as to certain lots included in the mortgage, and, as to the balance, answered by general denial, not guilty, and for special plea alleged: That prior to the execution of the plaintiff's mortgage one House held valid mortgage liens on the property to secure a debt of $27,169.96, and that plaintiff's mortgage is secondary thereto. That after the record of plaintiff's mortgage, but before the execution of the particular bond upon which the indebtedness from Hipp to plaintiff arose, Rice, trustee in bankruptcy, of the estate of said House, then bankrupt, acting under the orders of the bankrupt court, had a settlement with Hipp of said $27,169.96 and an additional indebtedness of Hipp to the bankrupt estate aggregating in all, about $149,000. In said settlement Hipp transferred the real estate in controversy, certain other property not covered by plaintiff's mortgage and certain personal property in payment of all said indebtedness. That at the time of said transfer all of the real estate transferred was worth less than $20,600, and that thereafter the defendants, Dow, Albrecht, and Scanlan, purchased from the trustee in bankruptcy, the lots now in controversy. And they further alleged that, if a sale were made of the property under the deed of trust to satisfy

said debt, it would not bring enough to do so.

By supplemental petition, plaintiff replied by general denial not guilty and, especially, that if the mortgages held by the House estate were prior liens to plaintiffs, that they were satisfied and canceled in the settlement between Hipp and the trustee. Therefore, no longer constituted a lien upon the property, but were merged into the legal and superior title.

The case was tried before the court without a jury, and on July 28, 1913, resulted in a judgment for plaintiff against defendant W. S. Hipp for $4,186.45, with 5 per cent. interest from date of judgment, and costs of suit, and in favor of the defendants Albrecht, Dow, and Scanlan, and intervener, Otis K. Hamblen, denying plaintiff's foreclosure against the lots claimed by said defendants and intervener, respectively, and quieting the title of said lots as against plaintiff's claim, and for costs incurred by said defendants and intervener. From which this appeal is perfected.

### Finding of Facts.

A. Key and wife executed a deed of trust to T. C. Dunn, trustee, for use of T. W. House. That W. S. Hipp and said Key as partners and individually also executed a deed of trust in like form as above. Said two deeds of trust covered the property in controversy, in this suit, except such as appellees herein have expressly disclaimed. That said two deeds of trust were given to secure all indebtedness then owing by said firm of Hipp and Key to said House, as well as all indebtedness said firm might thereafter incur with said House within two years after the dates of said deeds of trust. That Key and wife thereafter deeded the property to Hipp, subject to said two deeds of trust, and as part of the consideration, Hipp assumed and agreed to pay all indebtedness of the firm of Hipp & Co. to said House, and House released Key from liability thereon. This deed was dated October 19, 1903.

October 10, 1905, and February 14, 1906, Hipp mortgaged this same property, described in plaintiff's petition, to appellants—two separate mortgages—to indemnify against liability on account of bonds theretofore executed for said Hipp, as well as such as might thereafter be executed.

October 17, 1907, House was adjudged a bankrupt in United States court. J. S. Rice was appointed trustee of the bankrupt estate and administered it as such. That at the time House was adjudged a bankrupt Hipp was indebted to him in the sum of $120,000. That said trustee took charge of the assets of said bankrupt estate, and held the indebtedness against Hipp as secured claims based upon the two deeds of trust above mentioned. That January 3, 1910, the indebtedness from Hipp to House was evi-

denced by four 6 per cent. notes, amounting to $27,169.96, and the balance of said $120,-000 was incurred after September 1, 1905.

Pursuant to an order of bankrupt court the trustee had a settlement with Hipp of said indebtedness, wherein Hipp transferred certain personal property and the realty in controversy in this suit, to said trustee, in settlement of the $120,000.

Pursuant to this settlement, Hipp and wife executed a deed for this property and other property to the trustee, all of which was worth less than $120,000. April 23, 1910, upon an order of court the trustee executed his deed for this property and other property to the trustee, all of which was worth less than $120,000. April 23, 1910, upon an order of court the trustee executed his deed for the property to defendants, Albrecht, Dow, and Scanlan. Filed for record January 20, 1910.

It is agreed between the parties hereto that on June 26, 1910, plaintiff executed a bond indemnifying said Hipp to the Galveston, Harrisburg & San Antonio, and "same was delivered without payment of freight.

It is agreed that the fidelity company had no actual notice at the time of the execution of said bond that Hipp had made the conveyance, above mentioned, to Rice, nor that Rice had conveyed to defendant.

That on March 19, 1912, Hipp defaulted in his obligation to the railway company, in the sum of $3,376.25, and it is agreed that this is the sum Hipp is due the appellants, fidelity company, and is embraced in the bonds executed. All prior liens to appellants were settled by the trustee in bankruptcy.

The trial court made the following finding of fact: That at the time said Dow, Albrecht, and Scanlan took the conveyance of the property in controversy, they relied on the statement of Hipp that Hipp had ceased business relations with plaintiff, and neither owed nor would incur any debt to plaintiff that would be secured by plaintiff's mortgage, and consequently, there was no intention on the part of said trustee or said purchasers, at that time, to preserve for protection against plaintiff's intervening lien the liens formerly held by the House estate on the property in controversy, nor was there any intention to transfer said House estate liens to defendants for their protection against plaintiff's lien, nor was there any intention on the part of said trustee to preserve said liens, at the time Hipp transferred said property to the trustee, for the protection against plaintiff's intervening lien, but in both instances the purchaser thought they were getting a clear title, free of any incumbrance, and without any expectation that the property would be liable for intervening liens.

Appellant, by its many assignments and propositions thereunder, asserts the general proposition of law, that when the title to land and the mortgage debt becomes vested in the same person, the mortgage is merged in the title, and, therefore, no longer constituted a lien upon the lots, if in fact, there was no intention to keep the lien alive as a protection against the junior lien. And, the trial court having found that there was no intention to keep the lien alive, appellant contends that merger is complete, and therefore it is entitled to foreclose its junior lien.

[1] Whilst this rule of law applies in cases where the facts justify it, we think the facts of the instant case bring it within the rule announced in Silliman v. Gammage, 55 Tex. 370:

"That when the estates of the mortgagee and mortgagor are united in the former, he has in equity an election to keep the mortgage title on foot, and that whenever it is his interest, by reason of some intervening title, * * * it will not at law be regarded as merged. This is based upon the presumption, as a matter of law, that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title, or for other purposes of security; and it is no matter whether the parties, through ignorance of such intervening title or through inadvertence, actually discharged the mortgage and canceled the note, and really intended to extinguish them. Still, on its being made to appear that such intervening title existed, the law would presume conclusively that the mortgagee could not have intended to postpone his mortgage to the subsequent title."

This is not a case of the mortgagee obtaining the superior title, but first, the title was taken in the name of a trustee, as such, for the purpose of conveniently subjecting the assets of the bankrupt, House, to the payment of the debts. It therefore clearly appears to the interest of the estate that he (the trustee) must keep alive the prior liens, that he might obtain the full value of the property when sold by him under the order of the court, for the mortgagor's debt to the bankrupt estate was greatly in excess of the value of all the property transferred in settlement thereof, and when appellees purchased from the trustee it was clearly to their interest to keep alive the mortgage liens of House, as against subsequent liens, for they paid full value for the property.

[2] But the equity in this case is clearly revealed in the fact that if there had been a foreclosure of the mortgage and a sale made thereunder, that the property would not have brought within many thousand dollars of the amount of Hipp's debt for which it was given to secure. Therefore, the appellant was not injured by the fact that the mortgagor and trustee elected to apply the property to the settlement of the debt by private contract, rather than by public sale as provided in the mortgage. Bank v. Strauss, 29 Tex. Civ. App. 407, 69 S. W. 86; Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066; Kearby v. Hopkins, 14 Tex. Civ. App. 166, 36 S. W. 513; Willis v. Heath, 18 S. W. 801; Watson v. Markham, 33 Tex. Civ. App. 476, 77 S. W. 660; Bank v. Ackerman, 70 Tex. 320.

The assignments are therefore overruled, and the cause affirmed.