**MOGUL PRODUCING & REFINING CO. v. SOUTHERN ENGINE & PUMP CO. (No. 851.)**

(Court of Civil Appeals of Texas. Beaumont. July 14, 1922. Rehearing Denied Oct. 11, 1922.)

**1. Mechanics' liens ⬄173—Filing of lien relates back to time of original transaction.**

Where pump company filed, with the clerk of the county court, its materialman's lien for pumps sold to an oil refinery, the filing fixed the lien in the manner provided by law, and, after being so fixed, it related back to the time when the pumps were sold.

**2. Mechanics' liens ⬄198—Lien superior to subsequent improvements.**

Under Rev. St. 1911; art. 5623, the materialman's lien of a pump company, for pumps sold to an oil refinery, attached as a superior lien to all improvements placed on the refinery

premises subsequent to the time of the sale of the pumps.

**3. Fixtures** ⬡⟿**20—Mechanics' liens** ⬡⟿**199— Mortgages** ⬡⟿**151(3)—Oil pumps removable from concrete base held not fixtures, and materialman's lien thereon superior to vendor's lien and deed of trust lien.**

Under Rev. St. 1911, art. 5628, as to mechanics' liens, where seller of pumps to oil refinery filed materialman's lien therefor, and such pumps were removable from their concrete base on the refinery's premises without injury to the freehold beyond the value of the pumps themselves, such pumps were not fixtures at the time of the purchase of the premises of the oil refinery under foreclosure of a prior vendor's lien and deed of trust lien, and the materialman's lien on the pumps was superior to such prior existing liens.

**4. Trover and conversion** ⬡⟿**17—Lienholder has cause of action against one converting subject of lien.**

Where pump company filed materialman's lien for pumps which it had sold to an oil refinery and which were removable without damage to the freehold, it had a cause of action for conversion against the purchaser of the refinery's premises on foreclosure of prior vendor's lien and deed of trust lien, where such purchaser refused to surrender the pumps.

Appeal from Harris County Court; Jno. W. Lewis, Judge.

Action by the Southern Engine & Pump Company against the Mogul Producing & Refining Company. From judgment for plaintiff, defendant appeals. Affirmed.

Hutcheson, Bryan & Dyess, of Houston, for appellant.

N. C. Abbott, of Houston, for appellee.

WALKER, J. This was a suit by appellee against appellant for conversion of two pumps sold by it to the Crescent Oil & Refining Association, and against which it asserted a marterialman's lien. Prior to the institution of this suit, appellee had filed suit against the Crescent Oil & Refining Association and secured judgment establishing and foreclosing its lien. No sale was had under this judgment, as appellant refused to surrender the pumps, and by its plea in this case claimed to own them. Judgment was entered for appellee in accordance with its prayer. We take the following statement of the facts and issues from appellant's brief:

"The elemental facts in this case, which are undisputed, are that there was against the refinery of the Crescent Oil & Refining Association's properties a vendor's lien of $13,500 and a deed of trust lien in the sum of $25,000, both of which had become fixed and existing and were properly placed of record before the two pumps were sold to the Crescent Oil & Refining Association by the Southern Engine & Pump Company. The sale price of these Vican rotary pumps was $182 each, or a total of $364. A mechanic's and materialman's lien was retained and filed with the county clerk of Harris county within the four months period as required by law. The pumps were bought for the purpose of aiding in the transformation of a steel mill into an oil refinery, and were placed in a building on the Crescent 20 acres in a cement foundation, connected with the other machinery already there, with the purpose of making said pumps an integral part of a permanent enterprise. Both the vendor's lien and deed of trust lien becoming due and remaining unpaid, sales of the Crescent holdings were had on the same day, August 3, 1920, under both liens, the Mogul Producing & Refining Company being the purchaser thereof for the sum of the indebtedness against the Crescent property and without actual notice of any mechanic's and materialman's lien existing in favor of the appellee herein.

"There seem to be only two real questions involved, the first being whether or not the pumps were fixtures at the time of the purchase by the Mogul, and the second being the question of priority of liens between a vendor's and deed of trust lien on the one hand and a mechanic's and materialman's lien on the other."

To the foregoing statement, we would add that the pumps were fastened to beds of concrete, but could be easily released, and their removal would not injure the freehold beyond the value of the pumps themselves. Other pumps could be installed without any expense, beyond the actual cost of such pumps and the cost of the labor of fastening them to the concrete beds.

### Opinion.

On the foregoing statement of the case, we announce the following conclusions:

[1] (1) The filing by appellee of its lien with the clerk of the county court fixed it in the manner provided by law, and, after being so fixed, it related back to the time when the pumps were sold. Implement Co. v. Electric Light, etc., Co., 74 Tex. 607, 12 S. W. 489.

[2] (2) Appellee's lien as a superior lien attached to all improvements placed on the premises claimed by appellant subsequent to the time of the sale of the pumps. Article 5628, R. C. S. 1911; Cameron & Co. v. Trueheart (Tex. Civ. App.) 165 S. W. 59.

[3] (3) Within the meaning and spirit of the Constitution and of the act of the Legislature providing for liens for the benefit of mechanics, contractors, builders, and materialmen, these pumps were not "fixtures" at the time of the purchase of the premises by appellant, under the foreclosure of the prior vendor's lien, and deed of trust lien. Discussing the above-cited article 5628 (then 3301), Judge Brown, speaking for the Supreme Court, in Summerville v. King, 98 Tex. 332, 83 S. W. 680, said:

"It will be seen from these provisions that, as against the rights of the lienholder, the improvements did not become a part of the real estate, but are treated as if they had been made under a contract for removal, because the statute provides that the foreclosure may be had upon the house alone, and that the purchaser might remove it, which could not be done consistently with the proposition that such improvement became a part of the realty."

(4) As the pumps could be removed easily without damage to the freehold, leaving the other improvements in as good condition as when the pumps were purchased, appellee's lien on the pumps which it had sold was superior to the prior existing vendor's lien and deed of trust lien. Article 5628, R. C. S.; Quinn v. Dickinson (Tex. Civ. App.) 146 S. W. 993. Discussing this question, the court said, in Cameron v. Trueheart, supra:

"Appellee, in purchasing the notes, acquired a vendor's lien on the land in its then condition. Appellant is not resisting the enforcement of this lien, and is not asking any relief that would depreciate the value of the land as it was at the time appellee purchased the notes. If it is permitted to move off the improvements that Terry made with appellant's lumber, appellee will still have all that he paid for, and all that he had any reason to expect when he bought the notes, he knowing at that time, as a matter of law, that, if the owner or any subsequent purchaser placed improvements on the land and failed to pay for the same, they could be sold and moved off, by the enforcement of the statute in reference to liens for labor performed or material furnished for such improvements. The statute expressly provides that such liens shall attach to such improvements, 'in preference to any prior lien upon the land' (R. S. art. 5621), and that they may be removed (R. S. art. 5629). Owens v. Heidbreder, 44 S. W. 1087."

Appellant's proposition:

"If said improvements were affixed to the buildings and machinery already situated on said land in such a manner as to become an integral part of said building and machinery, and so that the removal thereof would interfere with and affect the vendor's lien, is superior to the constitutional mechanic's lien existing by reason of the failure of the vendee to pay the purchase price for such improvement"—

with the authorities cited in support thereof (Citizens' National Bank v, Straus, 29 Tex. Civ. App. 407, 69 S. W. 86; Sullivan v. Texas Coal Co., 94 Tex. 541, 63 S. W. 307; Watson v. Markham, 33 Tex. Civ. App. 476, 77 S. W. 660), has no application to the facts of this case, because, as we have seen, the pumps could be removed without affecting the prior existing liens.

[4] (5) As a lienholder, appellee had a cause of action against appellant for conversion. Scaling v. First National Bank, 39 Tex. Civ. App. 154, 87 S. W. 715.

(6) The judgment in favor of appellee on all issues of fact is fully sustained by the evidence.

What we have said in effect disposes of all of appellee's propositions. As we find no error in the record, the judgment of the trial court is therefore affirmed.

Affirmed.