IN THE SUPREME COURT OF TEXAS

NO. B-9671

EXCHANGE SAVINGS & LOAN
   ASSOCIATION,

       Petitioner

      v.

MONOCRETE PTY. LTD., d/b/a
   MONIER COMPANY,

       Respondent

From Dallas County

Fifth District

This case concerns the priority of a deed of trust lien and a later perfected statutory mechanic's and materialman's lien. Monocrete Pty. Ltd., d/b/a Monier Company (Monier), a roofing company, furnished and installed concrete roofing tiles on condominium homes. The roofing company perfected a mechanic's and materialman's lien under the Hardeman Act, art. 5452 et seq.[1] Exchange Savings & Loan Association (Exchange Savings), the first lien deed of trust holder, foreclosed its lien upon the lots and bought the condominiums at the trustee's sale. The roofing company, unpaid for the materials and labor, sued Exchange Savings to foreclose its materialman's lien and to remove the concrete roofing tile.

The trial court held the concrete roofing tile could not be removed without material injury to the land, the remaining structure, existing improvements and the tiles themselves; and denied foreclosure of the materialman's lien. That court also held the deed of trust lien of Exchange Savings was superior and its foreclosure extinguished the materialman's lien. The court of civil appeals held the trial court's finding of material injury is against the great weight and preponderance of the evidence. The court of civil appeals reversed the trial court's judgment and remanded the part of the judgment denying foreclosure of the materialman's lien on lots H-28, L-98 and H-18. 601 S.W.2d 448. We reverse the judgment of the court of civil appeals.

---

[1]All statutory references are to Vernon's Texas Civil Statutes Annotated.

While this Court does not have jurisdiction to review the question of factual sufficiency of the evidence, we do possess jurisdiction to determine whether the court of civil appeals applied the proper rules of law in reaching its conclusion. Harmon v. Sohio Pipeline Co., 623 S.W.2d 314 (Tex. 1981).

Monier seeks to remove pre-cast concrete roofing tiles from a completed dwelling. The roof is constructed by laying one-half inch plywood decking over the rafters. The decking is covered by a layer of 30 pound felt paper. A support system of one inch by four inch wooden lathe strips is laid lengthwise over the decking and paper. The tile is then placed over the lathing. The rows of tile are secured by nailing every other tile in every other row to the plywood decking. A nail-size hole is molded into each tile. Trim tiles are nailed to the fascia board around the edge of the roof. Rake tiles and ridge tiles are set with mortar at the valleys and ridges. Overlapping lead flashing is used around vents and walls. The interlocking effect and the density of the tiles prevent water from leaking through to the non-waterproof layers below.

Under article 5459, a perfected materialman's lien upon improvements is superior to a prior recorded deed of trust lien if the materials furnished can be removed without material injury to (1) the land, (2) the pre-existing improvements, or (3) the materials themselves. First Nat'l Bank v. Whirlpool Corp., 517 S.W.2d 262, 269 (Tex. 1974). This Court, within the context of the Whirlpool case, properly used the term "pre-existing" in the second element of the test. However, the considerations made by this Court in Whirlpool and the cases cited therein clearly suggest the use of the more accurate term "existing." This second element, then, questions whether removal would cause material injury to the other improvements existing at the time removal is sought. The question is whether,

-2-

under the Whirlpool test, removal of the roofing tiles constitutes material injury to the existing structure or the roofing tiles.

Monier contends the existing structure would not be materially injured in the process of removing the tiles. The evidence is that nail holes may be left in the plywood decking; paint on the lead flashing may crack; and the felt paper may be torn in places. Exchange Savings suggests the evidence also shows possible damage to the fascia board around the perimeter of the roof.

Whether the removal of a specific improvement will cause material injury under the Whirlpool test is generally a question for the fact finder. The materialman may have his materials sold separately, provided the prior lien "... shall not be affected thereby...." art. 5459. The purpose of the statutory proviso is to protect the security of the prior lien holder. Accordingly, evidence of the effect of removal of improvements upon the security of the prior lien holder is pertinent. In weighing the evidence, the court of civil appeals incorrectly refused to consider evidence of the nature of the improvements sought to be removed and the probabilities of post-removal damage to the existing structure. Some factors that may be considered are: the manner and extent of attachment to the land or existing improvements; the extent to which removal would necessitate repairs, modification and/or protection of the land or existing improvements; the stage of completion of improvements under construction at the time removal is sought; the effect removal may have on habitability or use of the existing improvements; and the function of the improvements sought to be removed.

This is not a departure from the test set up in Whirlpool. Improvements found removable, even though connected to the realty, are separable from the basic structure. The courts have held the following improvements removable without material injury: First

-3-

Nat'l Bank v. Whirlpool Corp., 517 S.W.2d 262, 269 (Tex. 1974) (dishwashers and disposals); Richard H. Sikes, Inc. v. L & N Consultants, Inc., 586 S.W.2d 950, 954 (Tex. Civ. App.--Waco 1979, writ ref'd n.r.e.) (carpets, appliances, air conditioning and heating components, smoke detectors, burglar alarms, light fixtures and doorlocks); Parkdale State Bank v. McCord, 428 S.W.2d 121 (Tex. Civ. App.--Corpus Christi 1968, writ ref'd n.r.e.) (entire structure removable from foundation); Mogul Producing & Ref. Co. v. Southern Engine & Pump Co., 244 S.W. 212 (Tex. Civ. App.--Beaumont 1922, no writ) (pumps attached to existing machinery and foundation).

Cement roofing tiles necessary to prevent penetration of the elements through the roof of a completed structure become an integral part of its construction and necessary to its completion as a livable dwelling. The roofing tiles became an integral part of the basic structure of the townhomes. At the time the roofing tiles were furnished and affixed to the roof, the townhomes were of such a nature as to give notice to Monier that the roofing tiles could not be separated from the basic structure without material injury and had necessarily become a part thereof. See, e.g., Crabb v. William Cameron & Co., 63 S.W.2d 367 (Tex. Comm'n App. 1933, judgmt adopted) (entire garage building); Chamberlain v. Dollar Sav. Bank, 451 S.W.2d 518 (Tex. Civ. App.--Amarillo 1971, no writ) (brick veneer, fireplace and chimney); McCallen v. Mogul Producing & Ref. Co., 257 S.W. 918, 923 (Tex. Civ. App.--Galveston 1923, writ dism'd) (roofing, window frames); Quinn v. Dickinson, 146 S.W. 993, 1000 (Tex. Civ. App.--Amarillo 1912, no writ) (paint, wallpaper); Citizens' Nat'l Bank v. Strauss, 69 S.W. 86 (Tex. Civ. App.--1902, writ ref'd) (new roof on existing building). We hold, as a matter of law, removal of the roofing tiles would cause material injury to the existing improvements on the land. Thus,

-4-

Monier's statutory lien under article 5459 is not superior to Exchange Savings' prior deed of trust lien.

The materialman is not without protection if the materials provided are not removable. Article 5463 authorizes the owner, upon delivery of the materials and proper notice from the subcontractor, to hold undisbursed funds due the original contractor in the amount of of the subcontractor's claim. More importantly, article 5469 requires the owner to maintain a fund equal to ten percent of the original contract price or, if none, ten percent of the reasonable value of the completed work. Unpaid subcontractors may have a ratable lien on the fund. The owner is personally liable for any funds paid to the original contractor in violation of either provision.

The three-prong test in Whirlpool being in the disjunctive, we do not reach the question of material injury to the roofing tiles themselves. Nonetheless, we disapprove the broad language used by the court of civil appeals in disposing of the question. .The court understood the third requirement of the Whirlpool test to prohibit "spiteful" removal. The court reasoned material injury to the improvements themselves could be translated into "economic benefit" to the materialman. Determination of "economic benefit" is an unnecessary addition to and not a part of the material injury test. A materialman, for example, under proper circumstances may very well have the right to remove a unique, specially designed sign installed on a building. This is so even though the materialman may, after removal, derive no further economic benefit from use of the sign. Furthermore, foreclosure of a mechanic's and materialman's lien is a judicial foreclosure resulting in a sheriff's sale. Value of the materials to the materialman is irrelevant because in a public sale the value of the materials to each bidder may differ. The test simply requires inquiry into whether the roofing tiles would be materially injured in the removal process.

-5-

The deed of trust liens are superior to the materialman's liens upon lots H-28, L-98 and H-18. Exchange Savings, as purchaser at the trustee's sale, acquired title to the lots free of Monier's inferior lien. Nat'l Western Life Ins. Co. v. Acreman, 425 S.W.2d 815 (Tex. 1968). We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Robert M. Campbell
Justice

OPINION DELIVERED:  January 13, 1982



# THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G. DENTON
CHARLES W. BARROW
ROBERT M. CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P. WALLACE

P.O. BOX 12248    CAPITOL STATION
AUSTIN, TEXAS 78711

CLERK
GARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

January 14, 1982

Mr. W Mike Baggett, Atty
Winstead, McGuire, Sechrest
 & Trimble
1700 Mercantile Dallas Bldg.
Dallas, Texas    75201

Mr Robert Harms Bliss, Atty
Bliss & Hughes
2535 Stemmons Freeway
Dallas, Texas    75207

RE   B-9671   EXCHANGE SAVINGS & LOAN ASSOCIATION
                         vs.
              MONOCRETE PTY, LTD   d/b/a MONIER COMPANY

Gentlemen

Enclosed is the judgment of the Supreme Court of Texas in the
above referenced cause as said judgment apperrs in the minutes
of this Court under the date of January 13, 1982.

This is the judgment that will issue to the lower court if no
motion for rehearing is filed or if a filed motion for rehearing
is overruled.

                              Very truly yours,


                              GARSON R   JACKSON, Clerk


                              By Mary M Wakefield
                                 Mary M. Wakefield
                                 Chief Deputy

Encl    copy of jud ment



## THE SUPREME COURT OF TEXAS

CHIEF JUSTICE
    JOE R. GREENHILL

JUSTICES
    JACK POPE
    SEARS McGEE
    JAMES G. DENTON
    CHARLES W. BARROW
    ROBERT M. CAMPBELL
    FRANKLIN S. SPEARS
    C. L. RAY
    JAMES P. WALLACE

P.O. BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

January 13, 1982

CLERK
    GARSON R. JACKSON

EXECUTIVE ASS'T
    WILLIAM L. WILLIS

ADMINISTRATIVE ASS'T
    MARY ANN DEHBAUGH

Mr W. Mike Baggett, Atty
Winstead, McGuire, Sechrest & Trimble
1700 Mercantile Dallas Bldg.
Dallas, Texas      75201

Mr. Robert Harms Bliss, Atty
Bliss & Hughes
2535 Stemmons Freeway
Dallas, Texas      75207

RE    B-9671    EXCHANGE SAVINGS & LOAN ASSOCIATION
                            VS
            MONOCRETE PTY LTD., d/b/a MONIER COMPANY
            No  20155 in the Fifth Court of Civil Appeals
            No  78 4046-D in the 95th District Court, Dallas, Texas

Gentlemen:

Today, the Supreme Court of Texas delivered an opinion in the above referenced cause.

The opinion by Justice Campbell reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court

A copy of the enclosed opinion is being mailed to Justice Charles H. Storey, Fifth Court of Appeals, Judge Kenneth C. Dippel, then sitting for the 95th District Court and Dallas County District Clerk, Mr T E. Moore.

Very truly yours,

GARSON R. JACKSON, Clerk

By _Mary M. Wakefield_
    Mary M. Wakefield
    Chief Deputy

Encl    opinion



CHIEF JUSTICE
JOE R. GREENHILL

JUSTICES
JACK POPE
SEARS McGEE
JAMES G. DENTON
CHARLES W. BARROW
ROBERT M. CAMPBELL
FRANKLIN S. SPEARS
C. L. RAY
JAMES P. WALLACE

P.O. BOX 12248      CAPITOL STATION
AUSTIN, TEXAS 78711

February 25, 1982

CLERK
CARSON R. JACKSON

EXECUTIVE ASS'T
WILLIAM F. WILLIS

ADMINISTRATIVE ASS'T
MARY ANN DEFIBAUGH

Mr T.E. Moore
District Clerk
Dallas County Courthouse
Dallas, Texas    75202

RE    EXCHANGE SAVINGS & LOAN ASSOCIATION
                    vs
      MONOCRETE PTY. LTD , d/b/a MONIER COMPANY
      No. B-9671 in the Supreme Court
      No  78 4046-D in the 95th District Court, Dallas County

Dear Mr. Moore

The judgment of the Supreme Court of Texas is now final in the above referenced cause.  As Rule 507, Texas Rules of Civil Procedure, has been satisfied we have issued the mandate as of this date.

Enclosed with the mandate is a certified copy of our cost bill showing the charges and payments as refected by the record for your use in settlement between the parties.

Very truly yours,

GARSON R. JACKSON, Clerk

By Mary M Wakefield
   Mary M Wakefield
   Chief Deputy

Encl    mandate
        cost bill

CC    letter only to
      W. Mike Baggett, Dallas
      Robert H. Bliss, Dallas