COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-226-CV

 

 

PMC COMMERCIAL TRUST                                                   APPELLANT

F/K/A
PMC CAPITAL, INC.                                                                    

 

                                                   V.

 

HARVEY MCLARTY, INC.                                                        APPELLEE

D/B/A
M&M SPRINKLER SYSTEMS                                                         

 

                                              ------------

 

            FROM THE 236TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








This is an appeal from a summary judgment
awarding Appellee Harvey McLarty, Inc. damages of $6,620.52, attorney=s fees,
and a constitutional mechanic=s and
materialman=s lien and ordering foreclosure
of this lien.  Because genuine issues of
material fact exist, we hold that summary judgment was improper.  We reverse the trial court=s
judgment and remand the case for trial.

In 1998, Academy at Waterchase, the owner of a
golf course, executed a promissory note in favor of Plano Bank &
Trust.  The note was secured by a deed of
trust recorded in September 1999.  Plano
Bank & Trust subsequently became Legacy Bank of Texas, which assigned the
note and deed of trust to PMC Capital in November 1999.  In December 2000, PMC Capital assigned the
note to PMC Joint Venture, who then pledged the note to BNY Midwest Trust Company.  PMC Capital retained the authority to service
the loan and foreclose under the terms of the deed of trust if Academy
defaulted.

In August 2000, while PMC Capital still held the
note, Academy contracted with McLarty to install an irrigation pump for a
sprinkler system.  This work was completed
and paid for.  In August 2001, after PMC
Capital had assigned the note to PMC Joint Venture, Academy contracted with
McLarty for service and repair of the pump. 
Academy failed to pay for the service and repair.  In December 2001, McLarty filed an affidavit
for a statutory and constitutional mechanic=s and
materialman=s lien on the golf course for
the unpaid labor and materials.








In April 2002, Academy defaulted on the note and
filed for bankruptcy. McLarty received notice of the bankruptcy and attempted
to make an agreement with PMC Capital to remove the pump pursuant to its
mechanic=s and
materialman=s lien in the event that the
bankruptcy court permitted PMC Capital to foreclose.  In January 2003, with permission from the
bankruptcy court, PMC Capital foreclosed on the golf course, ignoring McLarty=s lien
and the efforts to resolve its lien.  PMC
Asset Holding (a subsidiary of PMC Capital) purchased the golf course at the
foreclosure sale.  McLarty did not
receive any money from the foreclosure sale to extinguish its lien, which
McLarty alleges remains unsatisfied.

In August 2003, McLarty filed suit against PMC
Capital, as recipient of the foreclosure sale proceeds, to recover payment of
the funds its mechanic=s and materialman=s lien
secured.  In October 2003, after suit had
been filed, PMC Asset Holding sold the golf course to Dorcas Benson.  Benson received a loan from PMC Capital,
secured by a deed of trust, to purchase the property. Thus, pursuant to its
loan agreement with Benson, PMC Capital again holds a deed of trust secured by
the golf course.  Benson currently owns
the golf course.  PMC Capital filed a
general denial and a verified denial that it was not a proper party to the
lawsuit.  McLarty did not join Benson as
a party.








In February 2004, McLarty filed a motion for
summary judgment on the grounds that he had a constitutional mechanic=s and
materialman=s lien on the golf course=s water
pump for unpaid labor and materials, that PMC Capital had actual and
constructive notice of this lien prior to the foreclosure, and that McLarty=s lien
was superior to PMC Capital=s
interest.  McLarty requested damages from
PMC Capital and foreclosure of its alleged constitutional mechanic=s and
materialman=s lien.  PMC Capital responded that it was not the
owner of the property to which McLarty=s lien
allegedly had attached, that PMC Capital=s
foreclosure had extinguished any mechanic=s and
materialman=s lien, and that PMC Capital had
never contracted with McLarty for any work done on the property.  PMC Capital asserted that other than the lien
created by the deed of trust by Benson, it did not have any interest in the
property.  On June 16, 2004, the trial
court granted McLarty=s motion for summary judgment,
awarding McLarty, among other things, damages and a constitutional mechanic=s and
materialman=s lien on the golf course for
the amount of the damages and ordering foreclosure of this lien.  PMC now appeals, raising six issues.








In a summary judgment case, the issue on appeal
is whether the movant met his summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.[2]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[3]  Therefore, we must view the evidence and its
reasonable inferences in the light most favorable to the nonmovant.[4]

In deciding whether there is a material fact
issue precluding summary judgment, all conflicts in the evidence are
disregarded and the evidence favorable to the nonmovant is accepted as true.[5]  Evidence that favors the movant's position
will not be considered unless it is uncontroverted.[6]  The summary judgment will be affirmed only if
the record establishes that the movant has conclusively proved all essential
elements of the movant's cause of action or defense as a matter of law.[7]








In its second issue, PMC Capital argues that the
trial court erred by granting McLarty a right to foreclose on its
constitutional mechanic=s and materialman=s lien
because genuine issues of material fact exist regarding whether this lien was
extinguished when PMC foreclosed on the property pursuant to a prior-recorded
deed of trust.  We agree.

Following the valid foreclosure of a senior lien,
junior liens, if not satisfied from the proceeds of sale, are extinguished.[8]  It is well settled in Texas that a mechanic=s and
materialman=s lien for improvements made is
superior to a prior recorded deed of trust lien when the improvements made can
be removed without material injury to the land and pre-existing improvements,
or to the improvements removed.[9]  Thus, McLarty=s
mechanic=s and
materialman=s lien is senior to PMC Capital=s deed
of trust lien if the water pump covered by McLarty=s lien
could be removed without materially injuring the land or pre-existing
improvements.[10]








Whether the removal of a specific improvement
will cause material injury is generally a question for the fact finder.[11]  Some factors that may be considered are the
manner and extent of attachment to the land or existing improvements; the
extent to which removal would necessitate repairs, modification, protection, or
all three of the land or existing improvements; the stage of completion of
improvements under construction at the time removal is sought; and the function
of the improvements sought to be removed.[12]        In the Exchange Savings & Loan
Association case, the court held that certain items were removable as a
matter of law.[13]  That case involved roofing tiles attached
with nails, mortar, and other more permanent attachments.[14]  We do not believe that the situation at hand
is so clear.













It has been held that pumps aiding in the
transformation of a steel mill into an oil refinery placed in a cement
foundation, connected with the other machinery already there, were removable
without material injury.[15]  However, evidence was presented in that case
showing that the pumps could be easily released, that their removal would not
injure the property beyond the value of the pumps themselves, and that other
pumps could be installed without any expense, beyond the actual cost of such
pumps and the cost of the labor of fastening them to the concrete beds.[16]  There is no such evidence here.  The only evidence regarding material injury
is that in an affidavit presented by PMC Capital tending to show that the water
pump was not removable.  McLarty, the
summary judgment movant, presented no evidence tending to show that the pump
was removable, such as whether the pump could be easily released without
damaging the property or how the pump is attached to the property.  McLarty argues that the affidavit presented
by PMC Capital does not satisfy the requirements of Texas Rules of Civil
Procedure 166a(f).  We need not address
this argument because we believe that even without the affidavitCthe only
evidence presented regarding the removability of the water pumpCsummary
judgment would still be improper because a genuine question of material fact on
this issue would remain.  Therefore, we
hold that there is at least a fact issue regarding whether removal of the pump
would materially alter the land or the improvements and thus whether it was
removable or not.  We sustain PMC Capital=s second
issue.  Because of our disposition of
this issue, we do not reach the remaining issues.[17]  Consequently, we reverse the summary judgment
in its entirety, remove the constitutional mechanic=s and
materialman=s lien, and remand this case for
trial.

 

 

LEE
ANN DAUPHINOT

JUSTICE

PANEL B:   DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED:  November 10, 2005

 











[1]See Tex. R. App. P. 47.4.





[2]Tex. R. Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979).





[3]Sw. Elec. Power Co., 73 S.W.3d at 215; Sci. Spectrum, Inc. v. Martinez,
941 S.W.2d 910, 911 (Tex. 1997); Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).





[4]Great Am.,
391 S.W.2d at 47.





[5]Harwell v. State Farm Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995).





[6]Great Am.,
391 S.W.2d at 47.





[7]Clear Creek Basin, 589 S.W.2d at 678.





[8]Conseco Fin. Servicing Corp. v. J & J Mobile Homes, Inc., 120 S.W.3d 878, 883 (Tex. App.CFort
Worth 2003, pet. denied).





[9]Exch. Sav. & Loan Ass=n
v. Monocrete Pty. Ltd., 629 S.W.2d
34, 36  (Tex. 1982); First Nat=l
Bank v. Whirlpool Corp., 517 S.W.2d
262, 269 (Tex. 1974).





[10]See Hoarel Sign Co. v. Dominion Equity Corp., 910 S.W.2d 140, 141 (Tex. App.CAmarillo
1995, writ denied).





[11]Exch. Sav. & Loan Ass=n, 629 S.W.2d at 36.





[12]Id. at 37.





[13]Id.





[14]Id. at 36.





[15]Mogul Producing & Ref. Co. v. S. Engine & Pump
Co., 244 S.W. 212, 213-14 (Tex. App.CBeaumont
1922, no writ).





[16]Id. at 213.





[17]See Tex. R. App. P. 47.1.