PMC Commercial Trust f/k/a PMC Capital, Inc. v. Harvey McLarty, Inc. d/b/a M&M Sprinkler Systems

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-226-CV

PMC COMMERCIAL TRUST APPELLANT

F/K/A PMC CAPITAL, INC. 

V.

HARVEY MCLARTY, INC. APPELLEE

D/B/A M&M SPRINKLER SYSTEMS 

------------

FROM THE 236
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a summary judgment awarding Appellee Harvey McLarty, Inc. damages of $6,620.52, attorney’s fees, and a constitutional mechanic’s and materialman’s lien and ordering foreclosure of this lien.  Because genuine issues of material fact exist, we hold that summary judgment was improper.  We reverse the trial court’s judgment and remand the case for trial.

In 1998, Academy at Waterchase, the owner of a golf course, executed a promissory note in favor of Plano Bank & Trust.  The note was secured by a deed of trust recorded in September 1999.  Plano Bank & Trust subsequently became Legacy Bank of Texas, which assigned the note and deed of trust to PMC Capital in November 1999.  In December 2000, PMC Capital assigned the note to PMC Joint Venture, who then pledged the note to BNY Midwest Trust Company.  PMC Capital retained the authority to service the loan and foreclose under the terms of the deed of trust if Academy defaulted.

In August 2000, while PMC Capital still held the note, Academy contracted with McLarty to install an irrigation pump for a sprinkler system.  This work was completed and paid for.  In August 2001, after PMC Capital had assigned the note to PMC Joint Venture, Academy contracted with McLarty for service and repair of the pump.  Academy failed to pay for the service and repair.  In December 2001, McLarty filed an affidavit for a statutory and constitutional mechanic’s and materialman’s lien on the golf course for the unpaid labor and materials.

In April 2002, Academy defaulted on the note and filed for bankruptcy. McLarty received notice of the bankruptcy and attempted to make an agreement with PMC Capital to remove the pump pursuant to its mechanic’s and materialman’s lien in the event that the bankruptcy court permitted PMC Capital to foreclose.  In January 2003, with permission from the bankruptcy court, PMC Capital foreclosed on the golf course, ignoring McLarty’s lien and the efforts to resolve its lien.  PMC Asset Holding (a subsidiary of PMC Capital) purchased the golf course at the foreclosure sale.  McLarty did not receive any money from the foreclosure sale to extinguish its lien, which McLarty alleges remains unsatisfied.

In August 2003, McLarty filed suit against PMC Capital, as recipient of the foreclosure sale proceeds, to recover payment of the funds its mechanic’s and materialman’s lien secured.  In October 2003, after suit had been filed, PMC Asset Holding sold the golf course to Dorcas Benson.  Benson received a loan from PMC Capital, secured by a deed of trust, to purchase the property. Thus, pursuant to its loan agreement with Benson, PMC Capital again holds a deed of trust secured by the golf course.  Benson currently owns the golf course.  PMC Capital filed a general denial and a verified denial that it was not a proper party to the lawsuit.  McLarty did not join Benson as a party.

In February 2004, McLarty filed a motion for summary judgment on the grounds that he had a constitutional mechanic’s and materialman’s lien on the golf course’s water pump for unpaid labor and materials, that PMC Capital had actual and constructive notice of this lien prior to the foreclosure, and that McLarty’s lien was superior to PMC Capital’s interest.  McLarty requested damages from PMC Capital and foreclosure of its alleged constitutional mechanic’s and materialman’s lien.  PMC Capital responded that it was not the owner of the property to which McLarty’s lien allegedly had attached, that PMC Capital’s foreclosure had extinguished any mechanic’s and materialman’s lien, and that PMC Capital had never contracted with McLarty for any work done on the property.  PMC Capital asserted that other than the lien created by the deed of trust by Benson, it did not have any interest in the property.  On June 16, 2004, the trial court granted McLarty’s motion for summary judgment, awarding McLarty, among other things, damages and a constitutional mechanic’s and materialman’s lien on the golf course for the amount of the damages and ordering foreclosure of this lien.  PMC now appeals, raising six issues.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 2)  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.
(footnote: 3)  Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant.
(footnote: 4)
 In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true.
(footnote: 5)  Evidence that favors the movant's position will not be considered unless it is uncontroverted.
(footnote: 6)  The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law.
(footnote: 7)
 In its second issue, PMC Capital argues that the trial court erred by granting McLarty a right to foreclose on its constitutional mechanic’s and materialman’s lien because genuine issues of material fact exist regarding whether this lien was extinguished when PMC foreclosed on the property pursuant to a prior-recorded deed of trust.  We agree.

Following the valid foreclosure of a senior lien, junior liens, if not satisfied from the proceeds of sale, are extinguished.
(footnote: 8)  It is well settled in Texas that a mechanic’s and materialman’s lien for improvements made is superior to a prior recorded deed of trust lien when the improvements made can be removed without material injury to the land and pre-existing improvements, or to the improvements removed.
(footnote: 9)  Thus, McLarty’s mechanic’s and materialman’s lien is senior to PMC Capital’s deed of trust lien if the water pump covered by McLarty’s lien could be removed without materially injuring the land or pre-existing improvements.
(footnote: 10)
 Whether the removal of a specific improvement will cause material injury is generally a question for the fact finder.
(footnote: 11)  Some factors that may be considered are the manner and extent of attachment to the land or existing improvements; the extent to which removal would necessitate repairs, modification, protection, or all three of the land or existing improvements; the stage of completion of improvements under construction at the time removal is sought; and the function of the improvements sought to be removed.
(footnote: 12) In the 
Exchange Savings & Loan Association
 case, the court held that certain items were removable as a matter of law.
(footnote: 13)  That case involved roofing tiles attached with nails, mortar, and other more permanent attachments.
(footnote: 14)  We do not believe that the situation at hand is so clear.

It has been held that pumps aiding in the transformation of a steel mill into an oil refinery placed in a cement foundation, connected with the other machinery already there, were removable without material injury.
(footnote: 15)  However, evidence was presented in that case showing that the pumps could be easily released, that their removal would not injure the property beyond the value of the pumps themselves, and that other pumps could be installed without any expense, beyond the actual cost of such pumps and the cost of the labor of fastening them to the concrete beds.
(footnote: 16)  There is no such evidence here.  The only evidence regarding material injury is that in an affidavit presented by PMC Capital tending to show that the water pump was not removable.  McLarty, the summary judgment movant, presented no evidence tending to show that the pump was removable, such as whether the pump could be easily released without damaging the property or how the pump is attached to the property.  McLarty argues that the affidavit presented by PMC Capital does not satisfy the requirements of Texas Rules of Civil Procedure 166a(f).  We need not address this argument because we believe that even without the affidavit—the only evidence presented regarding the removability of the water pump—summary judgment would still be improper because a genuine question of material fact on this issue would remain.  Therefore, we hold that there is at least a fact issue regarding whether removal of the pump would materially alter the land or the improvements and thus whether it was removable or not.  We sustain PMC Capital’s second issue.  Because of our disposition of this issue, we do not reach the remaining issues.
(footnote: 17)  Consequently, we reverse the summary judgment in its entirety, remove the constitutional mechanic’s and materialman’s lien, and remand this case for trial.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, HOLMAN, and WALKER, JJ.

DELIVERED:  November 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant
,
 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).

3:
Sw. Elec. Power Co.
,
 
73 S.W.3d at 215; 
Sci. Spectrum
,
 Inc. v. Martinez
, 941 S.W.2d 910, 911 (Tex. 1997); 
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

4:
Great Am.
, 391 S.W.2d at 47.

5:
Harwell v. State Farm Mut. Auto. Ins. Co.
, 896 S.W.2d 170, 173 (Tex. 1995).

6:
Great Am.
, 391 S.W.2d at 47.

7:
Clear Creek Basin
, 589 S.W.2d at 678.

8:
Conseco Fin. Servicing Corp. v. J & J Mobile Homes
,
 Inc
., 120 S.W.3d 878, 883 (Tex. App.—Fort Worth 2003, pet. denied).

9:
Exch. Sav. & Loan Ass’n v. Monocrete Pty. Ltd.
, 629 S.W.2d 34, 36  (Tex. 1982); 
First Nat’l Bank v. Whirlpool Corp.
, 517 S.W.2d 262, 269 (Tex. 1974).

10:
See Hoarel Sign Co. v. Dominion Equity Corp.
,
 
910 S.W.2d 140, 141 (Tex. App.—Amarillo 1995, writ denied).

11:
Exch. Sav. & Loan Ass’n
, 629 S.W.2d at 36.

12:
Id. 
at 37.

13:
Id.

14:
Id. 
at 36.

15:
Mogul Producing & Ref. Co. v. S. Engine & Pump Co.
, 244 S.W. 212, 213-14 (Tex. App.—Beaumont 1922, no writ).

16:
Id. 
at 213.

17:
See
 
Tex. R. App. P.
 47.1.