# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. BASIL MARCEAUX

**Appeal from the Circuit Court for Van Buren County**
**No. 1787M     Larry B. Stanley, Judge**

------

**No. M2004-02739-CCA-R3-CD - Filed November 17, 2005**

------

The Petitioner, Basil Marceaux, appeals the trial court's dismissal of his motion to suppress evidence against him. The State has filed a motion requesting that the Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Basil Marceaux, pro se, Chattanooga, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On April 12, 2002, the Petitioner was cited for driving seventy-seven miles per hour in a fifty-five miles per hour zone, operation of an unregistered vehicle, and failure to provide proof of insurance. The grand jurors of Van Buren County indicted the Petitioner for these three offenses. The Petitioner proceeded pro se, and he filed a motion to suppress all the evidence found by the State trooper as fruit of the poisonous tree based upon an illegal stop. The Petitioner's trial was held on September 10, 2004, and a jury found him guilty of all three offenses.

After the trial, on September 13, 2004, the trial court entered an order stating "It appearing that the [Petitioner] . . . filed a Motion to Suppress in this cause, and it further appearing that the [Petitioner] did not argue his motion on the date of his trial, the Court hereby denies the motion to

suppress." On November 2, 2004, the Petitioner filed a notice of appeal, and, on appeal, he contends that the motion to dismiss should be granted for reasons that are not discernable to this Court.

We conclude that the Petitioner's suppression issue is waived. The Petitioner's appellate brief is deficient in citation (1) to the record and (2) to pertinent authority. The Rules of Appellate Procedure require that briefs include "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." Tenn. R. App. P. 27(a)(6). The majority of the facts recited in the Petitioner's statement of facts have no corresponding citation to the record. The Rules of Appellate Procedure also require that citations to authority and references to the record be included in the argument portion of the brief. Id. at 27(a)(7). The Petitioner's brief contains only one citation to authority and none to the record. Moreover, the solitary citation employed by the defendant supports an assertion of law that is legally inaccurate. The rules of this court direct waiver of issues not supported by citation to authorities or appropriate references to the record. See Tenn. R. Ct. Crim. App. 10(b).

Further, the Petitioner's issue challenges the search warrant from the standpoint of, apparently, the lack of probable cause to stop him and to look in the windows of his car. The record does not show that the issue was raised in accordance with the requirements of Rule 12, Tennessee Rules of Criminal Procedure. The trial court should have overruled the motion prior to trial. See Tenn. R. Crim. P. 12(e). We decline to compound this procedural defect by reviewing this issue and hold the Petitioner waived any right to contest the admissibility of this evidence. See State v. Randolph, 629 S. W. 2d 37, 40 (Tenn. Crim. App. 1982), and State v. Hamilton, 628 S.W.2d 742, 744 ( Tenn. Crim. App. 1981). Further, the Petitioner seemingly abandoned this issue at trial in that he had a trial on all three of his indictments, where he was found guilty by a jury, but he did not raise this issue before the trial court. He cannot now properly contest this issue on appeal.

Finally, there appears no basis to support the Petitioner's contention that the trial court should have granted his motion to suppress. The evidence shows that the Petitioner was stopped when he was speeding, his vehicle was not registered, and he did not have proof of insurance. He has presented no evidence to suggest appropriate grounds for any evidence against him to be suppressed.

Accordingly, the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

                                    _____
                                      ROBERT W. WEDEMEYER, JUDGE