Opinion issued April 3, 2008















In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00962-CV




RDI MECHANICAL, INC., Appellant

V.

WPVA, L.P., Appellee




On Appeal from County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 837358




MEMORANDUM OPINION
          Appellant, RDI Mechanical, Inc. (“RDI”), appeals from a final judgment in
which the trial court granted RDI a foreclosure on a removable chiller located on the
property of appellee, WPVA, L.P. (“WPVA”). In one issue, RDI contends that
WPVA failed to affirmatively plead the defense of a prior foreclosure in its answer,
thereby waiving that defense, and that the evidence was legally insufficient to support
the trial court’s judgment. With its brief, WPVA filed a motion for damages with this
court under Texas Rule of Appellate Procedure 45 on the ground that RDI’s appeal
is frivolous. We conclude that the issue of a prior foreclosure was tried by consent
and that the evidence was legally sufficient to support the trial court’s judgment. We
affirm the judgment of the trial court and deny WPVA’s motion for damages.
Background
          RDI sold and installed a chiller to provide air conditioning at an apartment
complex owned by RDG Investment Group at a total cost of $90,006.44. RDI was
not paid in full and, in December 2004, filed an affidavit claiming a mechanic’s lien
on the property. WPVA purchased the apartment complex at a foreclosure sale in
January 2005.
          When Keeley Megarity, a general partner of WPVA, inspected the property
after the purchase, he discovered that RDI had disconnected the wires to the chiller
and that the chiller was not functioning completely. WPVA then contacted RDI
about repairing the chiller. RDI attempted on several occasions to fix the chiller but
was never able to make it fully functional. WPVA continued to use the chiller
although only part of it worked because WPVA planned to convert the apartment
complex to individually metered units. WPVA also offered to return the chiller to
RDI once the transition to individual units was complete.
          RDI filed suit against WPVA asking for a foreclosure of its lien on “the real
property and/or removables on the property.” In its petition, RDI further asserted that
WPVA “induced” RDI into leaving the chiller on the property and that, as a result,
RDI “suffered damages for loss of rental value [and] devaluation of the equipment.”
In its First Amended Answer, WPVA asserted a general denial along with the
defenses of payment, accord and satisfaction, failure of consideration, offset, and
credit, and it pleaded that it was not liable in the capacity sued. At the bench trial, the
trial court entered judgment granting RDI a foreclosure on the chiller but not on the
real property. RDI filed a motion for new trial and a request for findings of fact and
conclusions of law. The trial court never entered findings of fact and conclusions of
law, nor did it grant a new trial. This appeal followed.
Failure to Plead Affirmative Defense
          In its sole issue, RDI asserts that WPVA failed to plead the affirmative defense
of a prior foreclosure and therefore should have been prohibited from raising such a
defense at trial. 
          Under Rule 94 of the Texas Rules of Civil Procedure, a party must
affirmatively plead any affirmative defenses including release, waiver “and any other
matter constituting an avoidance or affirmative defense.” Tex. R. Civ. P. 94. An
affirmative defense does not tend to rebut factual propositions asserted by a plaintiff,
but rather it seeks to establish an independent reason why the plaintiff should not
recover. Gorman v. Life Ins. Co. of N. Am., 811 S.W.2d 542, 546 (Tex. 1991); Hamm
v. Millennium Income Fund, L.L.C., 178 S.W.3d 256, 268 (Tex. App.—Houston [1st
Dist.] 2005, pet. denied). Absent trial by consent, failure to plead a matter of
affirmative defense will preclude a defendant from asserting it. An issue is tried by
consent when a party introduces evidence to support an issue that is not included in
the written pleadings and no objection is made to the lack of pleadings. See Tex. R.
Civ. P. 67; see also Bell v. Meeks, 725 S.W.2d 179, 179–80 (Tex. 1987). “To
determine whether an issue was tried by consent, the Court must examine the record
not for evidence of the issue, but rather for evidence of trial of the issue.” Pickelner
v. Adler, 229 S.W.3d 516, 523 (Tex. App.—Houston [1st Dist.] 2007, no pet. h.)
(internal quotation marks omitted). “A party’s unpleaded issue may be deemed tried
by consent when evidence on the issue is developed under circumstances indicating
both parties understood the issue was in the case, and the other party failed to make
an appropriate complaint.” Haas v. Ashford Hollow Cmty Improvement Ass’n, 209
S.W.3d 875, 884 (Tex. App.—Houston [14th Dist.] 2006, no pet.).
          In the present case, RDI asserts that WPVA failed to raise the defense of prior
foreclosure in its answer. However, during trial, Keeley McGarity, a general partner
of WPVA, testified that WPVA bought the real property at a foreclosure sale. RDI
objected to the introduction of McGarity’s testimony on the foreclosure because it
“assume[d] facts not in evidence.” RDI was then allowed to take the witness on voir
dire, during which time RDI asked Megarity details of the purchase of the property
at the foreclosure sale. WPVA resumed questioning Megarity and referred to the
foreclosure sale on several occasions without any objection by RDI. RDI never
objected to any evidence of foreclosure based on a lack of pleading. Accordingly, we
hold that the issue of the prior foreclosure was tried by consent.
Legal Sufficiency ChallengeRDI also asserts that the evidence was legally insufficient evidence to support
the trial court’s judgment granting RDI a foreclosure only on the chiller. Specifically,
RDI contends that, because there was no evidence of prior foreclosure, RDI’s
mechanic’s lien extended to the apartment complex in which the chiller was installed,
and the trial court should have granted RDI a foreclosure of the real property, rather
than only the removable chiller. WPVA responds that Megarity’s testimony is
sufficient evidence of a prior foreclosure on which the trial court could have based
its judgment granting RDI a foreclosure on the chiller. 
          When a party attacks the legal sufficiency of an adverse finding on an issue for
which it did not have the burden of proof, that party must demonstrate that there is
no evidence to support the adverse finding. See Croucher v. Croucher, 660 S.W.2d
55, 58 (Tex. 1983). Such a no-evidence challenge will be sustained when “‘(a) there
is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law
or of evidence from giving weight to the only evidence offered to prove a vital fact,
(c) the evidence offered to prove a vital fact is no more than a mere scintilla, or
(d) the evidence conclusively establishes the opposite of the vital fact.’” King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003) (quoting Merrell Dow Pharms.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)). However, “the final test for legal
sufficiency must always be whether the evidence at trial would enable reasonable and
fair-minded people to reach the verdict under review.” City of Keller v. Wilson, 168
S.W.3d 802, 827 (Tex. 2005). “[L]egal-sufficiency review in the proper light must
credit favorable evidence if a reasonable [fact finder] could, and disregard contrary
evidence unless a reasonable [fact finder] could not.” Id. The evidence is legally
sufficient if it “would enable reasonable and fair-minded people to differ in their
conclusions.” See id. at 822. As long as the evidence falls within the zone of
reasonable disagreement, “[a] reviewing court cannot substitute its judgment for that
of the trier-of-fact.” Id. Although the reviewing court “must consider evidence in the
light most favorable to the verdict, and indulge every reasonable inference that would
support it[,] . . . if the evidence allows for only one inference, neither [the fact finder]
nor the reviewing court may disregard it.” Id.
          In the present case, WPVA presented the testimony of Megarity, one of its
general partners. Megarity clearly stated that WPVA purchased the property at a
foreclosure sale. RDI did not present any evidence rebutting the statement by
Megarity that the property was purchased at a foreclosure sale roughly a month after
RDI perfected its lien. Given that we must view the evidence presented in a light
most favorable to the trial court’s judgment, Megarity’s testimony supports the
implied finding of the trial court that there was a foreclosure of a prior deed of trust
on the real property. A mechanic’s lien attaches and has priority over a prior recorded
deed of trust only with respect to removables that can be removed from the real
property without damage to the land, preexisting improvements, or the material itself.
Exchange Sav. & Loan Ass’n v. Monocrete Pty. Ltd., 629 S.W.2d 34, 36 (Tex. 1982).
The parties agree that the chiller was a removable. [R.R. 31–32] Therefore, even
assuming RDI’s mechanic’s lien extended to the real property when perfected, after
the foreclosure, RDI’s lien extended only to the removable chiller. We conclude that
the evidence was legally sufficient to support the trial court’s judgment. We overrule
RDI’s sole issue.
Motion for Damages for a Frivolous Appeal 
          In addition to its responsive brief, WPVA filed a motion for damages under
Rule 45 of the Texas Rules of Appellate Procedure, stating that RDI’s appeal was
frivolous. See Tex. R. App. P. 45. Rule 45 of the Rules of Appellate Procedure
permits an appellate court to award a prevailing party “just damages” for “frivolous”
appeals. Id.; Smith v. Brown, 51 S.W.3d 376, 380 (Tex. App.—Houston [1st Dist.]
2001, pet. denied). In determining whether an appeal is frivolous, we apply an
objective test. Smith, 51 S.W.3d at 381. We review the record from the viewpoint
of the advocate and ask whether the advocate had reasonable grounds to believe the
judgment could be reversed. Id. We exercise prudence and caution and deliberate
most carefully before awarding appellate sanctions. Id. After objectively reviewing
the record from the viewpoint of RDI, we conclude that RDI had reasonable grounds
to believe the judgment could be reversed. Therefore, we decline to conclude that its
appeal is frivolous.
 
 
 
 
Conclusion
          We affirm the judgment of the trial court and deny WPVA’s motion for
damages.
 
                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Alcala.